Case3:09-cv-00350-MMC Document47 Filed07/24/09 Page1 of 8

David C. Parisi (SBN 162248)
Suzanne Havens Beckman (SBN 188814)
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299
dparisi@parisihavens.com
shavens@parisihavens.com

Michael J. McMorrow (*Pro Hac Vice*)
KamberEdelson, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
(312) 589-6370
mmcmorrow@kamberedelson.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

DAVID LEVIN, an individual, on his own behalf and on behalf of all others similarly situated,

*Plaintiff*,

v.

CITIBANK, N.A., a national banking association,

*Defendant*.

Case. No.: C 09-00350-MMC

**PLAINTIFF DAVID LEVIN'S OPPOSITION TO DEFENDANT CITIBANK'S RULE 12(F) MOTION TO STRIKE CERTAIN ALLEGATIONS IN PLAINTIFF'S COMPLAINT**

The Hon. Maxine M. Chesney

Date: August, 28, 2009
Time: 9:00 a.m.
Courtroom 2

Plaintiff David Levin's Opposition to Defendant Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff's Complaint, Case No. C 09-00350-MMC

Case3:09-cv-00350-MMC Document47 Filed07/24/09 Page2 of 8

**INTRODUCTION**

Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff's Complaint (the "Motion") asserts that certain allegations in Plaintiff's Complaint should be stricken as immaterial, impertinent and/or scandalous. Citibank brings this Motion in a strategic effort to color this Court's view of the Complaint prior to ruling on Citibank's contemporaneously-filed Motion to Dismiss. However, Citibank's manufactured incredulity over the allegations in the Complaint is misplaced. The allegations Citibank complains of are proper and reasonable; they are material to the subject matter of this litigation and assist in illuminating and explaining Citibank's actions and the purposes and intentions relating thereto.

Citibank makes no argument that the allegations prejudice its legal rights or defenses in any way and does not even attempt to explain how it could be prejudiced from the allegations at issue. Citibank instead professes that the "scandalous" allegations threaten it in some unspoken way. But Citibank is solely responsible for any such scandal, the cause of which is not any flaw in the allegations, but rather Citibank's own deceptive and unfair practices. Most of the allegations in question are a matter of public record, and cannot possibly affect Citibank any more than did their original publication. The allegations are relevant to an understanding of both the Complaint as a whole, as well as the purpose and intentions behind Citibank's illegal actions. The Motion should be denied.

**ARGUMENT**

A. Legal Standard

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and are not frequently granted. *Sanchez v. J.C. Penny Props., Inc.*, No. CV-F-07-670 OWW/NEW (TAG), 2007 WL 2221043, at *1 (E.D. Cal. July 30, 2007); *Cazares v. Pac. Shore Funding*, No. CV04-2548DSF (SSX), 2006 WL 149106, at *3 (C.D. Cal. Jan. 3, 2006). In reviewing a 12(f) motion, "courts view the pleading under attack in the light most favorable to the non-moving party." *Cazares*, 2006 WL 149106 at *3. A motion to strike is

Plaintiff David Levin's Opposition to Defendant Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff' Complaint, Case No. C 09-00350-MMC

1

considered a drastic remedy and will generally not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.* (internal citations omitted); *Plata v. Long Beach Mortgage Co.*, No. C 05-02746 JF, 2005 WL 3417375 at *3 (N.D. Cal. Dec. 13, 2005).

B. <u>Citibank Presents No Legitimate Basis For Which to Strike The Relevant Allegations</u>.

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Cazares*, 2006 WL 149106 at *3. In its Motion, Citibank does not assert or even imply that the allegations in question would in any way cause it undue time or money to litigate. Indeed, the drafting and filing of its Motion will almost certainly cost Citibank more money and occupy more of its time than addressing any of the allegations at issue. Rather, the Motion is an attempt by Citibank to avoid addressing allegations that, quite frankly, make it uncomfortable. Citibank makes no attempt to describe how these allegations prejudice it, and Citibank cannot demonstrate that the allegations lack any bearing on the subject matter of the litigation, failures that, themselves, defeat a motion under Rule 12(f). Citibank's Motion should be denied.

1. *Paragraphs 6 and 7 of the Complaint provide proper historical background, demonstrate Citibank's intentions with respect to its credit limit actions, and are in no way improper or scandalous*.

Citibank's Motion seeks to strike five paragraphs, or portions of paragraphs, in the Complaint, including Paragraphs 6, 7, 54, 85 and 99. Citibank seeks to strike Paragraphs 6 and 7 in their entirety on the grounds that the allegations therein are irrelevant and potentially prejudicial. Paragraphs 6 and 7 allege matters that are entirely within the public record already. These allegations are relevant to this litigation for a variety of reasons. First, the existence of the real estate and credit market crash is common knowledge, and Citibank's role in the economic downturn is relevant to provide both historical context and to demonstrate the intentions underlying Citibank's actions. Courts have stated that allegations "supplying background or historical material . . . will not be stricken unless unduly prejudicial." *Plata*, 2005 WL 3417375 at *3. Moreover, "allegations that contribute to a full understanding of the complaint as a whole

Case3:09-cv-00350-MMC Document47 Filed07/24/09 Page4 of 8

need not be stricken." *Id*. In addition to providing a background as to the economic downturn, Paragraphs 6 and 7 also demonstrate the purpose and intentions behind Citibank's credit limit reductions. Citibank's interest in limiting its exposure to the real estate market is relevant to its use of the property valuation models that it relied upon, as well as the bases for its credit reduction policies and decisions. Citibank's purpose and intentions with respect to the credit market collapse and its credit reductions are relevant now and, even if not directly relevant now, may be relevant to the subject matter of this dispute at some point in this litigation.

The allegations are also relevant because they address potential defenses that Citibank may attempt to raise. For example, Citibank may argue that it reduced the HELOC credit limits in order to reduce its cash exposure resulting from the HELOCs. Citibank could potentially assert that it had no choice but to reduce credit limits because it simply did not have the cash on hand to cover the HELOCs at the level at which they existed. Paragraphs 6 and 7 address this potential defense by revealing that Citibank's parent company received billions of dollars in order to ensure liquidity in the financial markets, and also used its cash for naming rights to Citi Field in New York and to pay its former CEO rather handsomely. These allegations directly contradict any potential defense that Citibank's actions were driven by its financial status. The allegations are relevant to the subject matter of the litigation and could potentially become even more relevant at some point in this litigation.

Paragraph 7 further provides allegations that were meant to preempt another potential defense for Citibank, namely that its reduction in credit was either required or encouraged by the federal government. Citibank's own HELOCs provide that Citibank can freeze or reduce credit if "Citibank is notified by its regulatory agency that continued advances [of credit] constitute an unsafe and unsound practice." *See* HELOC ¶10; *see also* 12 C.F.R. § 226.5b(f)(3)(vi). In anticipation of this potential defense from Citibank, Paragraph 7 makes it clear that Citibank was provided billions of dollars by the federal government so that it could continue to provide credit to customers and that there would, thus, not be any basis for Citibank to assert that honoring its HELOCs could in any way be considered "unsafe and unsound."

Plaintiff David Levin's Opposition to Defendant Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff' Complaint, Case No. C 09-00350-MMC

3

Case3:09-cv-00350-MMC Document47 Filed07/24/09 Page5 of 8

2. *Paragraphs 54, 85 and 99 of the Complaint are relevant to Plaintiff's California UCL claims and should not be stricken.*

Citibank also seeks to strike nearly identical portions of Paragraphs 54, 85 and 99, which are all allegations contained in the Complaint's multiple UCL claims. For example, Count IV of the Complaint is a UCL claim that includes allegations that Citibank utilized deceptive and improper property valuation methods and sent deceptive and untrue form letters to its HELOC customers. Citibank is not seeking to strike such allegations under 12(f), so it is difficult to understand how Citibank can now seek to strike allegations that explain in more detail why those actions were unfair.

Likewise, Citibank is not seeking to strike the other allegations in Paragraph 54 of the Complaint that Citibank's actions offended public policy, harmed competition and were oppressive and unscrupulous. The allegations that Citibank seeks to strike are factually and legally relevant, as they provide factual background to the UCL claims, demonstrate Citibank's intentions underlying its actions and otherwise help illustrate why Citibank's actions were illegal unfair. At the very least, the allegations at issue help explain the other allegations in the same paragraphs that Citibank specifically decided not to challenge here. The UCL prohibits unlawful, deceptive and unfair practices and unfair competition, so factual allegations supporting the basis for the unfairness - the basis for the underlying UCL claim - have a direct relationship to Levin's claim and the claims of the other class members.

The allegation that Citibank's misconduct is an attempt to limit its exposure to the risk of collapse in the U.S. housing market is similarly relevant. Such an allegation provides a factual background for Citibank's actions vis-à-vis the HELOCs, and also demonstrates the purpose and intent behind Citibank's actions. The same rationale applies to Citibank's attempt to strike Paragraphs 85 and 99, which are nearly identical to Paragraph 54.

Contrary to Citibank's assertions, the allegations in Paragraphs 54, 85 and 99 that Citibank contributed to the real estate collapse are relevant and in no way improper. If the allegations in these paragraphs are in any way scandalous, then Citibank is responsible for the

Plaintiff David Levin's Opposition to Defendant Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff' Complaint, Case No. C 09-00350-MMC

4

Case3:09-cv-00350-MMC Document47 Filed07/24/09 Page6 of 8

scandal. Citibank illegally froze and reduced credit to its customers at a time when Citibank was provided taxpayer money specifically to extend such credit; the allegations merely describe Citibank's own deceptive and unfair conduct. Allegations of wrongdoing are by nature prejudicial, but that does not render them improper. On the contrary, the Complaint's allegations are reasonable, were brought in good faith, and they legitimately support the claims brought in the lawsuit. The question is not whether the allegations make Citibank look bad; rather, the question is whether the allegations, when construed in a light most favorable to Plaintiff, have a possible bearing on the subject matter of this litigation. *Cazares*, 2006 WL 149106 at *3. They do, and the Motion must be denied.

Additionally, Citibank's attempt to play the victim is disingenuous. It strains credibility to assert that allegations of Citibank's role in the economic meltdown and its receipt of government bailout money are going to unfairly influence a hypothetical jury pool. To the extent that discovery shows these allegations to in any way be untrue, irrelevant or prejudicial, Citibank can move for summary judgment, seek leave to file a new motion to strike, and/or file the appropriate motions *in limine* before trial. Either way, striking the allegations at this stage of the litigation is not appropriate.

Citibank is essentially making an evidentiary objection at the pleadings stage of this litigation. The Court need not decide at this early stage what will or will not be admitted into evidence, or what will or will not be proven to be true before the parties even move forward with discovery. *Cazares*, 2006 WL 149106 at *11. Courts have made it clear that a motion to strike should be denied if there is any doubt at all as to whether the relevant allegations could at any time be an issue at any time during the litigation. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Accordingly, to the extent this Court has any doubt as to whether the allegations at issue are relevant to the subject matter of this litigation, or could at any time be relevant to the subject matter of this litigation, then the Motion should be denied.

Citibank further asserts in its Motion that the allegations at issue are "unsubstantiated." (Def. Mot. 4.) But Citibank is simply hoping that this Court analyzes these allegations in

Plaintiff David Levin's Opposition to Defendant Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff' Complaint, Case No. C 09-00350-MMC

5

Case3:09-cv-00350-MMC Document47 Filed07/24/09 Page7 of 8

isolation and ignores the vast array of detailed allegations throughout the Complaint. Moreover, Citibank is hoping that this Court will somehow ignore the federal court notice pleading requirements and require that Plaintiff actually *prove* its allegations in the Complaint. Citibank will have the time and opportunity to respond to the allegations at issue, just as Plaintiff should be entitled to the time and opportunity to develop its allegations through the discovery process.

3. *The cases cited by Citibank do not support the granting of the Motion.*

In *Fantasy*, the court struck an allegation in the defendant's counterclaim specifically because the allegation related to a claim that was barred by the statute of limitations. 984 F.2d at 1527-28. The *Fantasy* court also struck allegations that related to different parties and different claims that had already been litigated. *Id*. at 1528. In the instant case, Citibank is not seeking to strike allegations relating to a time-barred claim, nor is it seeking to strike allegations relating to a different lawsuit. In fact, the *Fantasy* court specifically noted that the stricken allegations would have "unnecessarily complicated" the trial by requiring the introduction of extensive evidence of an unrelated set of facts that would have distracted the jury and would have potentially added "<u>weeks</u> to the trial." *Id*. at 1528 (emphasis added). Not only is *Fantasy* readily distinguishable from the facts at issue here, that case actually demonstrates the extreme situations that may warrant striking allegations that simply aren't present here. Indeed, Levin's claims are not time barred, and the allegations at issue relating to Citibank's unfair actions, general role in the financial crisis, and receipt of government bailout money would in no way require the introduction of extensive evidence and would in no way add weeks to any trial. *Fantasy* supports the denial of Citibank's Motion.

Citibank's reliance on *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116 (D.P.R. 1972), a 37-year old Puerto Rico District Court case, is similarly unhelpful. *Gilbert* involved a plaintiff's motion to strike certain affirmative defenses on the grounds that those defenses were wholly insufficient as a matter of law. *Id*. at 121-22. Of course, that fact pattern is clearly distinguishable from the instant case, and Citibank is not seeking to strike any allegations as being insufficient as a matter of law. It is noteworthy, however, that the *Gilbert* court stated that Rule 12(f) "is the principal procedure for objecting [to] an insufficient affirmative defense" and

Plaintiff David Levin's Opposition to Defendant Citibank's Rule 12(f) Motion to Strike Certain Allegations in Plaintiff' Complaint, Case No. C 09-00350-MMC 6

that "it has been constantly decided that motions of this nature are not favored and should be granted . . . in the absence of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party." *Id.* at 120-21. Again, not only is *Gilbert* distinguishable, but it also provides further reason to deny Citibank's Motion.

Citibank also cites to *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654 (7th Cir. 1992), as an example of a case in which the court struck an allegation as being "scandalous." The determination of whether to strike an allegation is very fact specific, and the facts in the *Talbot* case were quite different from those here. In *Talbot*, the court struck plaintiff's allegation that the defendant grocery store chain intentionally caused and exacerbated a salmonella outbreak as part of a fraud scheme against plaintiff truck drivers. *Id.* at 664-65. The allegations at issue in this Motion are entirely different than those relating to whether a grocery store intentionally caused a disease outbreak and resulting deaths. Even in striking that allegation, the court specifically considered whether the defendant's allegations in a previous case constituted evidence supporting the cause of the salmonella outbreak. Again, there is no previous litigation at issue here, and the facts of *Talbot* simply do not support Citibank's Motion.

**CONCLUSION**

For all of the foregoing reasons, Citibank's Motion should be denied in its entirety.

Respectfully submitted,

PARISI & HAVENS LLP

Dated: July 24, 2009

By: /S/ Suzanne Havens Beckman
Suzanne Havens Beckman, Esq.
Attorneys for David Levin, on his own behalf and on behalf of all those similarly situated