IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEVIN,<br><br>       Plaintiff,<br><br>  v.<br><br>CITIBANK, N.A.,<br><br>       Defendant | No. C-09-0350 MMC<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE; CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS; DISCOVERY ORDERS** |

      Before the Court is the parties' Joint Case Management Statement, filed November 25, 2009, in connection with the December 4, 2009 Case Management Conference.

      Given the difficulties with respect to counsel's personal appearance at said conference, as recently expressed by counsel for both parties, and in light of the pendency of defendant's motion to dismiss two of the claims alleged in plaintiff's First Amended Complaint ("FAC"), the Court hereby CONTINUES the Case Management Conference from December 4, 2009 to March 19, 2009. A Joint Case Management Statement shall be filed no later than March 12, 2009, and shall comply with Civil Local Rule 3-4. <u>See</u>, <u>e.g.</u>, Civil L.R. 3-4(c)(2) (providing text "must be double-spaced").

      Additionally, the Court, having read and considered the parties' respective positions concerning the scheduling of the motion to dismiss and the commencement and scope of discovery, rules as follows:

1. The hearing on the motion to dismiss is hereby continued from January 8, 2010 to February 26, 2010, at 9:00 a.m. Pursuant to the parties' request, plaintiff's opposition shall be filed no later than January 15, 2010, and defendant's reply shall be filed no later than February 12, 2010.

2. As the above-referenced motion to dismiss is directed at only two of the six claims alleged in the FAC, defendant's objection to the initiation of discovery is hereby overruled.

3. Both parties may forthwith begin to take discovery, provided such discovery is limited to the issue of class certification and does not seek information relevant solely to the two claims as to which the pending motion to dismiss is directed.

4. Plaintiff's request to phase discovery to provide for sixty days of electronic discovery ("eDiscovery") by plaintiff in advance of any other discovery is hereby denied, without prejudice to plaintiff's taking eDiscovery to the extent such discovery is relevant and appropriate to the issue of class certification.

**IT IS SO ORDERED.**

Dated: December 3, 2009

MAXINE M. CHESNEY
United States District Judge