United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID LEVIN,
      Plaintiff,

v.

CITIBANK, N.A.,
      Defendant

No. C-09-0350 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COUNTS II AND VI; VACATING HEARING**

Before the Court is defendant Citibank, N.A.'s ("Citibank") "Motion to Dismiss Claims II and VI in Plaintiff's First Amended Complaint," filed November 23, 2009. Plaintiff David Levin ("Levin") has filed opposition, to which Citibank has filed. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for February 26, 2010,[1] and rules as follows:

1. Levin's second cause of action, titled "Count II," by which Levin alleges Citibank failed to provide notice of the reduction of his credit limit within the time set forth in 12 C.F.R. § 226.9(c)(3), is, for the reasons stated by Citibank, subject to dismissal. Specifically, § 226.9(c)(3) allows for notice of a reduction to be mailed to the affected person "not later than three business days after the action is taken," see 12 C.F.R. § 226.9(c)(3); Levin alleges Citibank reduced his credit limit on March 17, 2008 and sent him written notice of such reduction on the following day, March 18, 2008 (see First

---

[1] The parties' respective requests that their out-of-state counsel be allowed to appear telephonically at the hearing are hereby DENIED as moot. The Court notes, however, that it is not the practice of the Court to conduct hearings on contested motions by telephone.

Amended Complaint ("FAC") ¶ 14). Although Levin argues that his contract with Citibank requires he in fact receive notice no later than three days after the date of a reduction, and that he has alleged he did not actually receive the notice until four days after the date on which Citibank reduced his credit limit, Levin's argument is unavailing as Count II is based solely on an alleged violation of § 226.9(c)(3), and not on an alleged breach of contract.

2. Levin's sixth cause of action, titled "Count VI," by which Levin alleges Citibank engaged in an unfair business practice in violation of § 17200 of the California Business & Professions Code by charging him an "early termination fee" when he closed his account, is, for the reasons stated by Citibank, subject to dismissal. Count VI is based on the theory that the imposition of the early termination fee was wrongful for the reason that Levin closed his account in response to Citibank's reduction of the credit limit, which reduction, Levin alleges, constituted a breach of contract by Citibank. As explained in the Court's September 17, 2009 order, however, Citibank had the express contractual right to charge the fee upon Levin's closing the account. (See Order, filed September 17, 2009, at 10:6-21.) Consequently, as the Court noted, although Levin may be entitled to recover the early termination fee as part of his damages if he establishes Citibank improperly reduced his credit limit,[2] Levin has not alleged any basis for a finding that the imposition of the early termination fee is itself an unfair business practice.

**CONCLUSION**

For the reasons stated above, Citibank's motion is hereby GRANTED, and Counts II and VI are hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: February 23, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] Indeed, Levin has alleged his entitlement to recover the early termination fee as part of his damages in the event he establishes the reduction of his credit was improper (see FAC ¶ 52), and Citibank has not challenged such allegation at the pleading stage.

2