IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEVIN,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>    Defendant | No. C-09-0350 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE, ADD NAMED PLAINTIFFS, AND FOR APPOINTMENT OF INTERIM CLASS CO-LEAD COUNSEL; VACATING MAY 21, 2010 HEARING** |

       Before the Court is plaintiffs' Motion to Consolidate Related Cases, Grant Leave to Add Named Plaintiffs, and Appoint Interim Class Co-Lead Counsel, filed April 14, 2010. Defendants Citimortgage, Inc., Citibank, N.A., and Citigroup, Inc. have filed a Response, in which they oppose only the request for appointment of interim class counsel; plaintiffs have filed a reply. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 21, 2010, and rules as follows:

       1. To the extent the motion seeks an order consolidating <u>Levin v. Citibank, N.A.</u>, Civil Case No. 09-0350 MMC, and <u>Winkler v. Citigroup, Inc.</u>, Civil Case No. 10-0572 MMC, the motion is hereby GRANTED, and the two actions are hereby CONSOLIDATED for all purposes. As requested, all further filings in this consolidated proceeding shall be made in Civil Case No. 09-0350, and shall bear the caption In re Citibank HELOC Reduction Litigation. (<u>See</u> Proposed Order at 6:13-14.)

       2. To the extent the motion seeks an order adding Gary Cohen and Marie Cohen as

named plaintiffs, the motion is hereby GRANTED, and plaintiffs shall file their proposed Second Amended/Consolidated Class Action Complaint no later than May 24, 2010.[1]

3. To the extent the motion seeks, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, an order designating interim counsel to act on behalf of the putative class, the motion is hereby GRANTED. As defendants correctly note, interim appointment is proper where "necessary to protect the interests of the putative class," such as where there exists "rivalry or uncertainty" among counsel representing the named plaintiffs. (See Defs.' Opp. at 1:23 - 2:4.) Such situation, defendants argue, does not pertain herein. As the commentary on which defendants rely notes, however, a number of matters prior to certification and affecting the interests of the putative class often will need to be addressed. See Fed. R. Civ. P. 23 Advisory Committee Note (2003 Amendments). In the instant case, appointing interim counsel may well avoid any potential confusion as to the respective responsibilities of plaintiffs' counsel and result in more efficient management of the resources expended on behalf of the putative class prior to any decision regarding certification. Further, defendants will suffer no prejudice by reason of an interim appointment, as such order in no manner implicates the merits of class certification.

Accordingly, Edelson McGuire, LLC and Harrison Patterson & O'Connor LLP are hereby APPOINTED interim co-lead counsel to act on behalf of the putative class; Jay Edelson of Edelson McGuire, LLC and Jim Patterson of Harrison Patterson & O'Connor LLP are hereby APPOINTED as liaison counsel and defendants' point of contact. Further, Parisi & Havens LLP and Stonebarger Law, P.C. are hereby APPOINTED as members of plaintiffs' Executive Committee.

**IT IS SO ORDERED.**

Dated: May 18, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court notes, however, that the proposed pleading, as currently drafted, requires amendment, as it does not bear the caption In re Citibank HELOC Reduction Litigation. (See Pls.' Mot. Ex. A.)