Michael J. McMorrow (*pro hac vice*)
Evan M. Meyers (*pro hac vice*)
EDELSON MCGUIRE, LLC
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
mmcmorrow@edelson.com
emeyers@edelson.com

*Attorneys for Plaintiffs*

Lucia Nale (*pro hac vice*)
Debra Bogo-Ernst (*pro hac vice*)
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-7403
(312) 706-8474 (fax)
lnale@mayerbrown.com
dernst@mayerbrown.com

*Attorneys for Defendant*, Citibank, N.A.

Additional Counsel of Record for Both Parties Appear on Signature Page

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE CITIBANK HELOC REDUCTION LITIGATION**

Case No. C-09-0350 MMC

**CORRECTED STIPULATION FOR ENTRY OF PROTECTIVE ORDER; AND ~~[PROPOSED]~~ ORDER THEREON**

Judge: Hon. Maxine M. Chesney

Complaint filed: May 24, 2010

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereto, through their counsel of record, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. This action is likely to involve discovery of information, whether in the form of documents, electronically stored information ("ESI"), tangible things or testimony, concerning trade secrets and other confidential commercial information of the parties to this action, including confidential and commercially sensitive information relating to business strategies, customers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party. This Order is necessary to protect the legitimate business and personal interests of the disclosing parties in such information, and good cause exists for the entry of this Order.

2. In connection with pretrial discovery proceedings in this action, a party or non-party providing or producing information in any form, including documents, ESI, tangible things, written discovery responses, answers to requests to admit, and testimony, may designate such items as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Items or portions thereof that are so designated and the information they contain shall: (a) be used by the receiving party only for the purposes of this action, and not for any other purpose; and (b) be disclosed, whether oral, written or otherwise, only to the extent permitted by this Order.

3. The designation "CONFIDENTIAL" shall be limited to information that the designating party reasonably believes contains (a) trade secret or other confidential research, development, or commercial information including, but not limited to, confidential policies and procedures and/or proprietary information, (b) personal information of a private or sensitive matter subject to confidential treatment under Rule 26; and/or (c) any other documents or information that should otherwise be subject to confidential treatment under Rule 26.

4. The parties shall have the right to further designate CONFIDENTIAL documents or portions of documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent the parties reasonably believe that disclosure should be limited to counsel. Disclosure of such information shall be limited to the persons designated in paragraphs 13(a), (b) and (c).

5. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

6. Any party may designate as "HIGHLY CONFIDENTIAL" any Confidential document, response to Discovery, or any other matter, the disclosure of which the party or non-party believes in good faith would create a serious risk of monetary or non-monetary injury, or breach of security or customer privacy, and therefore warrants the additional protection afforded under this Order for Highly Confidential matter. Personal financial information including, but not limited to, "nonpublic personal information" and "personally identifiable financial information," discussed in paragraph 10 below, shall be designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." The fact that any matter has been designated by a producing party as "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of such matter.

7. Stamping the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multi-page document or ESI shall designate all parts of the document or ESI as confidential unless otherwise indicated by the producing party. A preliminary production of documents or ESI made solely for the purpose of inspection and designation for copying by the receiving party shall not constitute a waiver of any privilege, protection or confidentiality, even if those documents have not been marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If documents or ESI are produced preliminarily for the purpose of inspection and designation for copying and have not been marked "PRIVILEGED" or "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to inspection by the receiving party, such inspection shall only be made by counsel of record for the receiving party and the associates, paralegals and secretaries of said counsel who are actively engaged in assisting such counsel in this action.

8. Any confidential information not reduced to documentary, ESI, tangible or physical form or which otherwise cannot conveniently be designated in the manner set forth in paragraph 2 above shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party by informing the receiving party in writing that the information is confidential and of the class of designation.

9. The Court has the ultimate authority to determine whether a document should be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" notwithstanding a party's decision to so designate a document.

10. "Nonpublic personal information" and "personally identifiable financial information" as defined under 16 C.F.R. §313.3 and/or related regulations, may be produced on the condition that any such documents and information so produced shall be (i) produced as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and (ii) shall be subject to the terms of this Protective Order, including, but not limited to, the conditions that persons privy to this information shall maintain the confidentiality of such information.

11. Neither the designation by a party of any document, information or deposition testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder, nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony is confidential. In the event that any party to this lawsuit objects at any point in these proceedings to the designation of any document or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", the objecting party shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, including an order that the documents should not be treated as confidential or that specified provisions of this Order shall not apply to the document or information. The designating party shall have the burden of

proof on any such motion to establish the propriety of its confidentiality designation. The documents in dispute shall be treated as confidential pending resolution by the Court.

12. Nothing in this Order shall prevent any party from objecting to discovery which it believes is improper.

13. Documents (and all other types of information set forth in paragraph 1 above) designated as "CONFIDENTIAL" by the producing party and all information contained therein shall be kept confidential by the receiving party, shall be used solely for the prosecution or defense of this case, and shall be disclosed or made available only to the Court and its staff, including court reporters, and to the following persons:

a. Counsel of Record for Plaintiffs;

b. Counsel of Record for Citibank, N.A. and the in-house counsel for defendant Citibank, N.A. responsible for supervising this action;

c. Partners, associates, paralegals, secretaries and other personnel employed or retained by or working under the supervision of said counsel described in subparagraph 13 (a)-(b) who are actively engaged in assisting such counsel in this action;

d. Outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) (together with their assistants and clerical staff) who are actively engaged in assisting such counsel in this action;

e. Persons identified on the face of the document in question as an author, addressee or other recipient;

f. A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this action; and

g. Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information.

14. All individuals to whom "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" information is to be disclosed shall be informed of the existence of this Order, shall be provided with a copy thereof and shall be instructed that material designated pursuant to this Order may not be used other than in connection with the litigation and may not be disclosed to anyone other than those persons contemplated by this Order. Legal counsel for the discovering parties shall take reasonable steps to insure adherence to the terms and conditions of this Order by their respective stenographic and clerical employees.

15. Material designated as protected under this Order shall not be revealed to any person not designated in Paragraph 13, unless the party producing the confidential material assents in writing to the disclosure or unless the Court otherwise directs. If any court, arbitration tribunal or an administrative or government agency requests, demands, subpoenas, or orders production of material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" that a party has obtained under the terms of this Order, before turning over the material such party shall promptly (not more than twenty-four (24) hours after receipt of such request, demand, subpoena or order) notify the party which so designated material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" of the pendency of such request, demand, subpoena, or order and afford a reasonable opportunity for the party that designated such material to oppose the request, demand, subpoena or order.

16. Disclosure of documents designated as "CONFIDENTIAL" to the persons described in subparagraph 13(d) shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation. Any such person shall sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before any "CONFIDENTIAL" documents are shown to that person. The original Exhibit A shall be maintained by counsel of record for the party on whose behalf the outside consultant, technical advisor or expert witness has been employed or retained. Documents marked "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" shall not be provided to

the persons described in subparagraph 13(d) absent express written authorization from all parties or a Court Order after a showing that such access is reasonable and necessary to the prosecution or defense of this action.

17. All documents, deposition testimony or other material subject to this Order, and all confidential information derived therefrom, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation and trial of this action in accordance with the provisions of this Order.

18. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as "HIGHLY CONFIDENTIAL" (except for depositions of the named plaintiffs, which shall be treated as "CONFIDENTIAL") for a period of fifteen (15) business days, or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" matter. A party or non-party to an Action may designate in writing, within fifteen (15) business days after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY." A party or non-party to an Action may also designate matter disclosed during a deposition as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so indicating on the record during the deposition. Any other party to that Action may, but need not, object to such designation on the record. After any designation made according to the procedure set forth in this paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in paragraph 11 above.

19. If material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" or quotations from or references to such

materials, are to be included in papers filed with the Court, such papers shall be filed in redacted form. An unredacted copy of the filing also shall be filed under seal pursuant to the procedures of this Court.

20. Nothing herein shall impose any restrictions on the use or disclosure by a party of information obtained by such party independent of discovery in this action, whether or not such information is also obtained through discovery in this action, or from disclosing its own information as it deems appropriate. However, a party to this litigation may prospectively declare that items and information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (to be produced through discovery in this action) which is in the custody of a third person/party is protected under this Order. Counsel for the party receiving such items and information shall treat it as so designated until such time as the designating party has had a reasonable opportunity to review and stamp the received items and information in accordance with this Order.

21. The inadvertent production of any privileged or protected items or information shall be without prejudice to any claims that the document is privileged or protected, as the case may be, and shall not constitute a waiver of any privilege or protection that may otherwise attach thereto providing the producing party notifies the other party within thirty (30) days of the discovery of such inadvertent production. Such production shall not be deemed a general waiver of such privilege or protection. Upon demand of the producing party, within thirty (30) days of its (their) discovery of such inadvertent production, all copies of any inadvertently provided documents shall be returned immediately. Further, the voluntary production of a privileged or protected document in itself is not a waiver of the privilege or protection, as the case may be, with respect to other privileged or protected documents relating to the same subject matter.

22. Upon request of the producing party, within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all materials produced by a party that contain "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, including all extracts, reproductions and summaries of such material, shall be destroyed or returned to counsel for the producing party or its counsel. Such destroyed or returned materials shall not include attorneys notes or work product. Counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance within the sixty (60) day period.

23. The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

24. The parties hereto agree and acknowledge that a material and willful violation of this Order by any party, their employees, representatives or agents or any third party who executes the attached statement, will result in irreparable harm to the producing party and the parties therefore consent to the issuance of an injunction and other appropriate relief. Nothing in this Order shall preclude a party from pursuing an action for damages based on the violation of the terms in this Order.

**AGREED**

/s/Evan M. Meyers
**Attorneys for Plaintiffs**

Sean Reis
Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
sreis@edelson.com

Jay Edelson
Michael McMorrow
Evan M. Meyers
Edelson McGuire LLP
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
jedelson@edelson.com
mmcmorrow@edelson.com
emeyers@edelson.com

James R. Patterson
Alisa A. Martin
Harrison Patterson & O'Connor LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
jpatterson@hpclaw.com
amartin@hpclaw.com

David C. Parisi
Suzanne L. Havens Beckman
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
dparisi@parisihavens.com
shavensbeckman@parisihavens.com

Gene J. Stonebarger
Stonebarger Law, APC
75 Iron Point Circle, Suite 145
Folsom, CA 95630
gstongebarger@stonebargerlaw.com

/s/ Debra Bogo-Ernst

**Attorneys for Defendants**

MAYER BROWN LLP
Debra Bogo-Ernst (pro hac vice)
Lucia Nale (pro hac vice)
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
dernst@mayerbrown.com
lnale@mayerbrown.com

Christopher Murphy, Esq. (SBN 120048)
Lisa Cornehl, Esq. (SBN 232733)
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
(213) 229-9500
(213) 625-0248
cmurphy@mayerbrown.com
lcornehl@mayerbrown.com

**ATTACHMENT "A"**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

By my signature, I hereby acknowledge that I have read the Protective Order governing confidentiality to which this "Agreement to Maintain Confidentiality" is attached as Exhibit "A", and hereby agree to be bound by the terms thereof. I agree not to disclose any items or information designated as "CONFIDENTIAL" (or any of the contents of such items or information) except in accordance with the terms of the Protective Order, and that such documents or information shall be used only for the purposes authorized by the Protective Order. I agree that to the extent that my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material except in accordance with the terms of the Protective Order. I further agree that any obligation to honor the confidentiality of such documents or information will continue even after the termination of the action in which the Protective Order has been entered. I further agree that in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions for such failure. I consent to the jurisdiction of the United States District Court for the Northern District of California, for all purposes relating to the enforcement of this Protective Order.

Date: ______________________________

______________________________________
Signatory's Name, Business Affiliation, and Business Address

**~~[PROPOSED]~~ ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED,** provided, however, that no document shall be filed under seal unless the designating party establishes the document, or portions thereof, is privileged, protectable as a trade secret or otherwise entitled to protection under the law.

DATED: August 31, 2010

Maxine M. Chesney
United States District Judge