Sean P. Reis (SBN 184044)
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (714) 352-5200
Facsimile: (714) 352-5201
Email: sreis@edelson.com

Jay Edelson (Admitted *Pro Hac Vice*)
Steven L. Woodrow (Admitted *Pro Hac Vice*)
Evan Meyers (Admitted *Pro Hac Vice*)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: jedelson@edelson.com
Email: swoodrow@edelson.com
Email: emeyers@edelson.com

*Counsel for Plaintiffs*
[additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CITIBANK HELOC REDUCTION LITIGATION | No. 09-CV-0350-MMC<br><br>**CLASS ACTION**<br><br>**PRELIMINARY APPROVAL ORDER**<br><br>The Honorable Maxine M. Chesney |

This matter coming before the Court upon the Motion of the proposed "Class Representatives," David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and Jennie Lapointe, on behalf of a class defined herein, individually and on behalf of a class of persons, for Preliminary Approval of the Settlement Agreement executed August 10, 2012 (the "Settlement Agreement"). No party opposes the relief now sought.

IT IS HEREBY DETERMINED AND ORDERED AS FOLLOWS:

1. The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical, and procedural considerations of the Actions, (b) free of collusion to the detriment of Settlement Class Members, and (c) within the range of possible settlement suitable for final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3. The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4. Subject to the Settlement Agreement, and for purposes only of the settlement of this Actions, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All persons in the United States from January 1, 2008 to January 31, 2012 whose Citibank HELOC Accounts were suspended or reduced based on a claim by Citibank of Collateral Deterioration regarding the value of the property securing the HELOC.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Section 1.15 of the Settlement Agreement.

5. David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler and Jennie Lapointe are appointed as Class Representatives of the Settlement Class.

6. Plaintiffs' Counsel, Jay Edelson, Steven Woodrow and Evan Meyers of Edelson McGuire LLC and Jim Patterson of Patterson Law Group, are appointed as Class Counsel.

7. A Final Approval Hearing shall be held before the undersigned on March 15, 2013

at 9:00 a.m. in Courtroom 7, 19th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Actions should be dismissed with prejudice as to the Class Representatives David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and Jennie Lapointe, and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Settlement Class Members should be bound by the Release set forth in Section 4 of the Settlement Agreement; (d) whether Settlement Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorneys' fees and costs to be awarded to Class Counsel. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8. The Court approves the proposed forms of Notice attached hereto as Exhibits A (summary "short form" notice) and B ("long form" website notice). Pursuant to the procedures detailed in the Settlement Agreement, within fourteen days of entry of this Order, the Claims Administrator shall establish and maintain a settlement website with links on the home page to only the Complaint, the Settlement Agreement, and the Preliminary Approval Order at a domain name to be mutually agreed upon by the Parties. By November 16, 2012 a link to the traditional "long form" notice shall be added to the settlement website substantially in the form attached hereto as Exhibit B. In addition, Defendant shall mail the summary form of the Notice, substantially in the form attached hereto as Exhibit A, through a billing statement insert, stand

alone direct mail notice, or a combination of the two, no later than December 17, 2012.  The Notice referenced herein shall be mailed to the Class members to the last known mailing address of record on Citibank's account records, which addresses are to be updated by the national change of address resources offered by the United States Postal Service.  Citibank shall have no obligation to re-mail any returned mail or attempt to obtain forwarding addresses for any returned mail.  All expenses of notice shall be paid by Citibank.

9.   The Court finds that the Settlement Agreement's plan for Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved.  The Court further finds that no other notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

10.   The Court approves the proposed Claim Form, attached hereto as Exhibit C.  As set forth in Sections 1.10 and 3.2 of the Settlement Agreement, Settlement Class Members may submit Claim Forms by properly and fully completing them and either: (i) submitting them online by the Claims Deadline, which is midnight, Pacific Time, on January 31, 2013; or (ii) mailing them to the address identified on the Claim Form so that it is postmarked by the Claims Deadline, which is midnight, Pacific Time, on January 31, 2013.  Any Claim Form that is not timely submitted or properly completed, that is sent to the wrong address or that does not otherwise comply with the terms of the Settlement Agreement, shall be deemed invalid and Settlement Class Members submitting such claims shall forfeit any right to payment, but the Settlement Agreement, subject to final approval, shall in all other respects be fully enforceable against them.

11.   All Class members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice.  Such request for exclusion must be postmarked no later than

midnight, Pacific Time, on January 31, 2013.  For a Class member's Opt-Out to be valid, it must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) be signed by all loan debtors (including joint debtors and co-debtors) on the account; (ii) include the full name, address, and Citibank's account number(s) of the person requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Class Notice (which address is to be P.O. Box address to be secured and provided by Citibank); and (iv) include a written statement that he or she wishes to opt out/be excluded from the Class.  A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not sent within the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Settlement Agreement, if the Settlement Agreement is finally approved.  No Class member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class members as a group, aggregate, or class involving more than one person, or as an agent or representative.  Any such purported exclusion shall be invalid and the Class member(s) that is or are the subject of the purported opt-out shall be a member or members of the Settlement Class and treated and be bound by the Settlement Agreement and as a Settlement Class Member for all purposes.

12. Any Class member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

13. Any Settlement Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon the Claims Administrator, Class Counsel and Counsel for Defendant, by midnight, Pacific Time, on January 31, 2013.  To be considered valid, each Objection must be timely filed and

served (as judged by the filing deadline and postmark date and time set forth), and must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the signatures of all living borrowers on the account; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the legal and factual bases for the objection; and (v) provide copies of all documents or writings that such Settlement Class Member desires the Court to consider in support of his/her position. All living borrowers to a loan must object for such objection to be valid. Any Settlement Class Member who wishes to object and appear at the final approval hearing in person instead of submitting only written objections must include in the written objection a notice of intention to appear at the final approval hearing. Any Settlement Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Actions and shall forever be barred from making any such objections in this Actions. Class Counsel is to respond to any Objections and file any additional materials in support of final approval by February 22, 2013.

14. Subject to final approval of the proposed settlement and Settlement Agreement, and subject to the parties or their attorney given the Notice required by this Order, the Court approves the provisions of the Settlement Agreement making the settlement and its release of claims binding on all member of the Settlement Class, whether or not they actually received notice of the Actions or its settlement or submitted a Claim Form.

15. The Parties may file memoranda in support of the Settlement, and Plaintiffs' Counsel may file a motion or application for an award of Attorney's Fees and/or award of an incentive payment to the Class Representatives, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed and posted to the Settlement Website at least fourteen (14) days prior to the Opt Out/Objection Deadline.

16. The Parties are hereby authorized to establish the means necessary to administer the Settlement in accordance with its terms.

17. All proceedings in this Action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

18. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated.  In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in these Actions for any purpose whatsoever.  Except for the provisions of paragraph 18, 19 and 20 of this Order, which shall remain in effect notwithstanding, this Order shall otherwise be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any defenses it may have.

19. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Actions, or of any wrongdoing, liability, or violation of law by any of the Released Parties or Citibank, which vigorously denies all of the claims and allegations raised in the Actions.

20. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Citibank and without future notice to the Settlement Class Members.

21. All Settlement Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such

1  Settlement Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Citibank or any of the Released Parties that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Actions, and/or (b) are within the scope of the Released Claims as embodied in Section 4 of the Settlement Agreement; and (ii) organizing or soliciting Settlement Class Members or those who Opt-Out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Settlement Class Members or those who Opt-Out, that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Actions, and/or (b) are within the scope of the Released Claims, as embodied in Section 4 of the Settlement Agreement.

22.  Except as set forth in this Order and the Settlement Agreement, no person or entity, including but not limited to Plaintiffs' Counsel, Counsel for the Defendant, the Class Representatives, or Citibank, shall be permitted to initiate communications with Settlement Class Members, whether by written correspondence, notices, advertisements, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for Citibank.

THUS DONE AND SIGNED THIS <u>6th</u> DAY OF <u>November</u>, 2012

_____
JUDGE MAXINE M. CHESNEY