Sean P. Reis (SBN 184044)
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (714) 352-5200
Facsimile: (714) 352-5201
Email: sreis@edelson.com

Jay Edelson (Admitted *Pro Hac Vice*)
Steven L. Woodrow (Admitted *Pro Hac Vice*)
Evan Meyers (Admitted *Pro Hac Vice*)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: jedelson@edelson.com
Email: swoodrow@edelson.com
Email: emeyers@edelson.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CITIBANK HELOC REDUCTION LITIGATION | No. 09-CV-0350-MMC<br><br>**CLASS ACTION**<br><br>**FINAL APPROVAL ORDER**<br><br>The Honorable Maxine M. Chesney |

This matter coming to be heard pursuant to the Parties' motion for Final Approval of the proposed Settlement Agreement, a hearing on the fairness of the proposed Settlement Agreement having been held, at which objectors to the settlement could appear or be heard, and the Court being fully advised in the premises, the Court hereby finds and orders that:

1.  On November 6, 2012, this Court entered an order preliminarily approving the Settlement between Class Representatives David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler and Jennie Lapointe ("Class Representatives"), individually and as representatives of the "Settlement Class" (as defined in Section 1.13 of the Settlement

Agreement), on the one hand, and Citibank, N.A. ("Citibank" or "Defendant").  This order preliminarily approved the Settlement Agreement, provisionally certified a Settlement Class, approved a form of Notice (as specified in the Settlement Agreement, which is hereby incorporated by reference in this Order as if fully set forth herein[1]), authorized the mailing of such Notice, and ruled that such Notice complies with the terms of the Settlement Agreement and due process.

2.   The Court scheduled a fairness hearing, or Final Approval Hearing, for March 15, 2013, and directed the Parties to notify the Class of this Final Approval Hearing as part of the Notice.

3.   The Court finds that Defendant, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, caused notice of the Agreement to be timely mailed on December 7, 2012 to those individuals identified as potential class members on the Class List and posted on the internet.

4.   A total of 42 Class members requested exclusion from the Settlement Agreement (listed on Exhibit A to this order).  The Court finds that these Class members have validly opted out in accordance with the terms of the Settlement Agreement, and are not subject to this Order.

5.   On March 15, 2013, the Court held a Final Approval Hearing to which Class members, including those with objections, were invited to attend.  The Court received objections from 5 Class members.  No Class members, or their counsel, appeared at the Final Approval Hearing.

6.   The Court, being fully advised and having afforded Class members an opportunity to object, hereby finds that the Settlement is appropriate under Fed. R. Civ. P. 23, the Notice sent to Class and published on the Internet satisfies the requirements of due process and Fed. R. Civ. P. 23, and the Parties have fully complied with the Preliminary Approval Order.

7.   The Court finds that the Notice given provided the best notice practicable under the circumstances, was due and sufficient notice to the Settlement Class, and was reasonably

---

[1] Capitalized terms herein have the meaning provided in the Settlement Agreement.

calculated to communicate actual notice of the litigation and the proposed settlement to the Class. Under these circumstances, it is fair and reasonable to make the Agreement and its release of claims binding on all Class members whether or not they actually received notice of this action and the proposed Settlement.  The Court finds that the Settlement and the Court's granting of the Final Approval Order and Judgment of Dismissal is binding on all Class members, whether or not they actually received actual notice of the Settlement, the Final Approval Order, or the Judgment of Dismissal.

8. The Court finds the Settlement Agreement to be fair and made in good faith. Further the Court finds that there has been no collusion between the parties in reaching the Settlement Agreement.

9. The Court hereby finds that the Settlement Agreement is fair, reasonable, and adequate and is in the best interests of the Settlement Class.  The Court approves the Settlement Agreement submitted by the Parties and orders the Parties to perform their obligations pursuant to the Settlement Agreement.

10. The Court finds that for purposes of the Settlement the requirements for certification of a Settlement Class pursuant to Fed. R. Civ. Proc. 23 are satisfied.  The Court finds that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of fact or law common to the class; (iii) such common questions predominate over questions affecting only individual members; (iv) the claims of the Class Representatives are typical of the claims of the Class; (v) the Class Representatives will fairly and adequately protect the interests of the Class; and (vi) a class action is an appropriate method to the fair and efficient adjudication of the controversy.

11. The Settlement Class as defined in the Settlement Agreement and the Preliminary Approval Order is adjudged a final and permanent class for purposes of this Action, as well as for the Final Approval Order and Final Judgment of Dismissal.

12. The Agreement provides for payment of up to $1,214,000.00 to Class Counsel for Attorneys' Fees, costs, and expenses incurred in prosecution of this Action.  Payment to Class Counsel in the amount of $1,214,000.00 is hereby approved as reasonable compensation for Class

- 3 -

Counsel's work, which has resulted in a substantial benefit to the Settlement Class and created Settlement Benefits that will be provided to Settlement Class Members. No other Attorneys' Fees, expenses, or costs shall be paid by Defendant.

13. The Agreement provides for an incentive payment of up to $36,000 to the Class Representatives in settlement of their claims and in recognition of their services. For the reasons explained on the record during the Fairness Hearing, a payment in the amount of $30,000 for the Class Representatives collectively, to be divided in six (6) equal parts to David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and Jennie Lapointe, is approved as fair and reasonable. The Class Representatives shall not be entitled to any other payment under the Agreement.

14. Any objections that were filed, timely or otherwise, have been considered and are overruled. Therefore, all Class Members who have not successfully opted out are bound by this Final Approval Order. They are further bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in Sections 1.40 and 4 of the Settlement Agreement.

15. The Class Representatives and Class members hereby release Citibank and each and every Released Party from all Released Claims as defined in Section 1.40 of the Settlement Agreement.

16. A Final Judgment of Dismissal shall be entered herewith which shall dismiss this Action with prejudice and without costs (other than what has been provided for in this order). By the Final Judgment of Dismissal, the Court dismisses the claims of the Class Representatives and the Class members against Citibank and the Released Parties with prejudice and without costs.

17. Notice of entry of this Order and the ensuing Judgment of Dismissal has been given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

18. Class Representatives and all Class members (except those listed on Exhibit A attached hereto) are permanently barred and enjoined from commencing, prosecuting, or continuing any of the Released Claims, as described in Sections 1.40 and 4.3 of the Settlement Agreement, against Citibank or any Released Party, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

19. After entry of the Final Judgment of Dismissal, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement in order to supervise and adjudicate any disputes arising from the disbursement of settlement benefits.

20. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Final Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement, Final Approval Order, and Final Judgment of Dismissal are upheld on appeal in all material respects, then the Settlement Agreement, Final Approval Order, and Final Judgment of Dismissal shall be given full force and effect. In the event of (i) or (ii) in this Paragraph 20, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

21. Neither the Settlement Agreement, this Order, nor any of their provisions, nor any of the documents (including but not limited to the parties' Memorandum of Understanding, drafts of the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and the Final Judgment of Dismissal), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any

1  other action or proceeding except in an action brought to enforce its terms or except as may be
2  required by law or court order.
3
4  THUS DONE AND SIGNED THIS 18th DAY OF MARCH 2013 AT SAN FRANCISCO,
5  CALIFORNIA.

_____
JUDGE MAXINE CHESNEY